### LAMPASAS COUNTY v. CORYELL COUNTY.

Decided November 2, 1901.

**1.—County Boundaries—Jurisdiction of County Court.**

Under the Act of 1897, adding article 808a to the Revised Statutes, the district court has jurisdiction of a suit to establish the boundary line between two counties, whether such line has been theretofore established or not, and although the counties may have appointed surveyors to establish such line and their duties be still uncompleted.

**2.—Same.**

The evidence in the present action in the district court to establish the boundary line between two counties showing the true line to be as located by a former survey made under the orders of the county court, it is immaterial whether such orders were regular and valid or not.

**3.—Same.**

A judgment establishing a county line as located by careful surveyors acting under the orders of the county court, and which line has been approved by the Commissioner of the General Land Office, and, with but slight interruptions, recognized by the counties concerned for half a century, will not be disturbed except on clear evidence that it is erroneous.

Appeal from Bosque. Tried below before Hon. William Poindexter.

*Matthews & Browning,* for appellants.

*McDowell, Sadler & Arnold, S. B. Hawkins,* and *Walter Acker,* for appellee.

CONNER, CHIEF JUSTICE.—This was a suit in the District Court of Bosque County, Texas, instituted in 1899 by appellee to establish the boundary line between Coryell and Lampasas counties, and to enjoin one Zively from the continuation of a survey of said line then being made by him under an order of the County Court of Lampasas County; Coryell County having also made an order appointing one Wilson to assist him, as provided in the statutes on the subject. No question is made as to the regularity of the orders and proceedings of the Coryell and Lampasas county courts under which Zively was acting. Wilson and Zively began at the northeast corner of Coryell County, which seems to have been agreed upon by them as the proper beginning point. They then proceeded in a westerly direction on the course prescribed in the act creating Coryell County until within a distance of 1 mile and 755 varas from the northwest corner of that county and the northeast corner of Lampasas County as it had been established by one Adams in 1855 and by one Hammack in 1879, when Wilson and Zively disagreed and Wilson abandoned the survey. Thereupon Zively established as the northeast corner of Lampasas County and the northwest corner of Coryell County a corner in accordance with his contention at said distance of one mile and 755 varas east of the said Hammack corner, and was proceeding from this point to continue his survey in a southerly direction, establishing and fixing the boundary line between the counties named, when he was interrupted by a writ of injunction issued in this suit by the District Court of Bosque County as prayed for.

By the legislative Act of 1854 creating Coryell County and fixing the boundaries thereof, the call for its north line from its northeast corner was "S. 60 degrees west, 32 miles to the northwest corner." The legislative calls in the Act of 1856 creating Lampasas County were to the southwest corner of Coryell County, and "thence north 30 degrees west, with the west line of Coryell County, 30 miles to the northwest corner of Coryell County." There appears to be no dispute as to the location of the northeast corner of Coryell County, the points of difference being as to the true location of the northwest corner of Coryell County, and of its west line, which is the boundary line in issue. A number of surveys have been made of the disputed line, notably one by Adams in 1855, and one by Hammack in 1879, both surveyors purporting to act under orders from the County Court of Coryell County.

The trial was before the court and resulted in a judgment fixing the northwest corner of Coryell County and the west line in accordance with the survey of Hammack in 1879.

The record is very voluminous, manifesting great care and research on the part of the counsel and court trying the case below, and many questions have been pressed upon us on appeal with great elaboration that we deem unnecessary to determine. We will, however, briefly notice the question of jurisdiction presented.

The law invoked in behalf of appellant, Lampasas County, authorizing county courts to institute proceedings for the establishment of coun-

ty boundaries, as found in title 23, chapter 4 of the Revised Statutes, was amended in 1897 by the addition of article 808a, wherein it was provided that, "notwithstanding" the preceding articles of the chapter, any county "may bring suit against any adjoining county * * * for the purpose of establishing the boundary line between them. * * * And said court shall try said cause as other causes and shall have full and complete jurisdiction to determine where such boundary line is located. * * * And if in the trial of any such cause it shall be found that the boundary line between the counties involved has never been established and marked, * * * said court shall have power to re-establish the same and order it marked."

In the petition of Coryell County filed in this case it was alleged, among other things, that the boundary line between Lampasas and Coryell counties had in fact been established long prior to the orders by virtue of which Zively was acting, in support of which the proceedings of several prior surveys by virtue of county court orders were set forth. The functions involved in the determination of this question are essentially judicial and do not pertain to the agencies provided for the establishment of county boundaries in the first instance by the joint action of the counties concerned. The powers conferred upon the district court by the amended article quoted are very general. It seems to have been the legislative intention that they should be restricted in no degree by uncompleted proceedings on the part of contesting counties. Jurisdiction is conferred "notwithstanding" the preceding articles of the chapter, and "full and complete jurisdiction" is given to determine the location of the boundary line, whether on the trial it shall appear to have been theretofore established or not. We are of opinion, therefore, that appellant's exceptions to the petition on the ground of a want of jurisdiction in the District Court of Bosque County were properly overruled, notwithstanding the appointment of Zively and Wilson by the county courts of Lampasas and Coryell counties, and notwithstanding the partial execution of their duties. Kaufman County v. McGaughey, 3 Texas Civ. App., 655.

We also deem it unnecessary to enter into a discussion of the numerous questions presented by demurrer and on the facts that relate to the regularity and legality, or otherwise, of the orders and proceedings in the survey of Adams in 1855; of Motz, Chalk, and Rucker in 1872; of Hammack in 1879, and of Greenwood in 1883, for the reason that, in our judgment, the evidence is amply sufficient to support the court's finding that the true northwest corner of Coryell County and the true boundary line between Lampasas and Coryell counties was as fixed by the survey of Hammack in 1879, irrespective of the question whether the several orders and proceedings under which said surveys were made were valid or invalid, regular or irregular.

The evidence is sufficient to establish that Adams was a careful and competent surveyor, and that the lines as surveyed by him were correctly measured; that the distance from the northeast corner of Coryell

County to the northwest corner as fixed by the judgment of the District
Court is exactly 32 miles; that the Adams, Hammack, and Greenwood
surveys all coincide; that the line as fixed by these surveyors has been
approved by the Commissioner of the General Land Office, and, with
but slight interruption, has been recognized by the counties concerned
for almost a half century. During this time public maps and surveys
have been made, taxes rendered and paid, justice and commissioners'
precincts, election and school districts, have all been located and ob-
served with reference to this line. Under such circumstances the evi-
dence ought to be indeed clear that an erroneous result was attained by
the trial court to warrant us in disturbing such long existing conditions.
In addition to evidence to the effect that Adams and Hammack made
careful surveys from the northeast corner of Coryell County, and found
the distance to the northwest corner as fixed by the court 32 miles only,
as called for in the act creating the county, there was evidence that the
Zively survey was not accurate. While his evidence is to the contrary,
one witness testifies that the instrument and chain used by Zively were
not such as that an accurate survey could be made therewith.

We therefore adopt the court's conclusions of fact to the effect that
the true northwest corner of Coryell County and the true boundary line
between said county and Lampasas County is as designated in the field
notes of the Hammack survey, and affirm the judgment of the District
Court.

*Affirmed.*